MATTER OF PON

In Deportation Proceedings

A-10490469

*Decided by Board December 31, 1969*

An alien who entered the United States as a nonimmigrant visitor upon presentation of a certificate of identity obtained upon a fraudulent claim to United States citizenship, thereby avoiding inspection and determination of admissibility as an immigrant alien, was not "otherwise admissible" at time of entry and, therefore, is ineligible for the benefits of section 241(f) of the Immigration and Nationality Act, as amended [*Matter of Lee*, Interim Decision No. 1960*].

CHARGES:

Warrant: Act of May 24—Immigrant—no visa
Act of May 22, 1918, as amended
Act of Feb. 5, 1917—Did not present unexpired passport.

ON BEHALF OF RESPONDENT:     Joseph P. Fallon, Jr., Esquire
30 Hotaling Place
San Francisco, California 94111
(Brief filed)

The case has been certified to us by the special inquiry officer who denied respondent's motion to reopen proceedings for the purpose of applying for adjustment of status under section 245 of the Immigration and Nationality Act. Our careful study of the issues herein persuades us that the motion should be granted.

The respondent originally entered the United States on November 29, 1951, as a nonimmigrant visitor pursuant to section 3(2) of the Immigration Act of 1924. At the time of entry, he presented a certificate of identity issued by the American Consul under section 503 of the Nationality Act of 1940, which certificate was obtained upon the respondent's fraudulent claim to United States citizenship. On January 8, 1953, the United States District Court for the Northern District of California denied re-

*See, *Matter of Yee*, Interim Decision No. 2104.

spondent's claim to United States citizenship and dismissed his complaint with prejudice. Thereafter, on April 30, 1953 the respondent was found subject to deportation as an immigrant not in possession of a valid immigration visa under sections 13 and 14 of the Immigration Act of 1924 and under the Passport Act of May 22, 1918 for failure to present, at entry, an official passport or document in the nature of a passport. The respondent presently alleges that his wife and two children entered the United States on October 6, 1968, for permanent residence and that, therefore, he is eligible to apply for adjustment of status.

The special inquiry officer, relying on *Muslemi v. INS*, 408 F.2d 1196 (9 Cir., 1969), concluded that the respondent was already a permanent resident by virtue of section 241(f) and that an application for adjustment would serve no purpose. The special inquiry officer noted a recent opinion of the Attorney General (*Matter of Lee*, Interim Decision No. 1960 (1969)), which he interpreted as being in direct conflict with the decision of the Ninth Circuit in *Muslemi*. He nevertheless determined that the ruling of *Muslemi* applied here since the instant matter arose in the same circuit.

At first blush, this conclusion appears tenable. A careful reading of both *Muslemi* and *Matter of Lee*, however, leads us to conclude that there is no conflict between those cases since *Muslemi* in our view is not subject to the broad interpretation given it by the special inquiry officer. *Muslemi* dealt with the basic question of whether an alien, who entered as a nonimmigrant and is found deportable as an immigrant without visa, comes within the scope of section 241(f) as construed by *INS v. Errico*, 385 U.S. 214 (1966). The court in *Muslemi* concluded that he did, but remanded the case for a determination of whether Muslemi was "otherwise admissible" within the meaning of section 241(f). The issue of whether an alien who entered as a nonimmigrant, thereby evading the visa issuing process applicable to immigrants, is "otherwise admissible" within the meaning of section 241(f) was never raised or argued in *Muslemi* and we cannot broadly state that that issue has been decided by the Ninth Circuit *sub silentio*. To the extent that the latter issue was not resolved by *Muslemi*, it remains an open question in the Ninth Circuit and the Attorney General's opinion in *Matter of Lee* is dispositive of that issue.

In *Matter of Lee*, the Attorney General noted that section 241(f) only encompassed fraud or misrepresentation committed by an alien in furnishing information in the course of being proc-

447

essed for entry as an immigrant. In his view, "the otherwise admissible requirement of section 241(f) would be meaningless if it were not interpreted to mean that an alien, at the time of entry, must have satisfied all of the other requirements necessary to enter as an immigrant, apart from his inadmissibility derived from the particular facts or status as to which he made his misrepresentations." Consequently an alien, such as the respondent, who never applied for or obtained an immigrant visa, has not met all the "otherwise admissible" requirements for entry as an immigrant. As the Attorney General correctly noted, most of the immigration requirements are waived for aliens who came here as nonimmigrant visitors. Although the Attorney General noted the *Muslemi* decision, nevertheless, he emphasized that, ". . . [A]n alien who has evaded most of the *immigration* requirements by fraudulently entering as a nonimmigrant visitor also does not appear to be an 'otherwise admissible' immigrant." (Emphasis supplied.)

The situation to which the Attorney General was alluding is precisely the one before us since the respondent entered as a nonimmigrant to prosecute a fraudulent claim to United States citizenship. The respondent's fraudulent claim to United States citizenship and entry as a nonimmigrant permitted him to avoid inspection as an *immigrant* alien and consequently a determination of whether he was admissible as an immigrant was never made. We must hold, in keeping with the Attorney General's position that the respondent was not "otherwise admissible" at the time of entry and therefore cannot benefit from the relief granted by section 241(f). As a result, the respondent must seek relief through adjustment of status and we order these proceedings reopened so that consideration may be given to this application under section 245.

**ORDER:** It is ordered that the motion to reopen proceedings be and the same is hereby granted.