MATTER OF KORYZMA *

In Deportation Proceedings

A-14238613

*Decided by Board February 20, 1970*

The provisions of section 241(f) of the Immigration and Nationality Act, as amended, and the Supreme Court decision in *Immigration and Naturalization Service* v. *Errico-Scott*, 385 U.S. 214 (1966), are not applicable to save from deportation an alien deportable under section 241(a)(2) of the Act on an "exchange visitor-remained longer" charge, since fraud is not an essential ingredient of the ground on which deportation is ordered. [*Muslemi* v. *Immigration and Naturalization Service*, 408 F.2d 1196 (C.A. 9, 1969), distinguished.]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Exchange visitor—remained longer.

ON BEHALF OF RESPONDENT:
A. W. Hargreaves, Esquire
Fallon, Hargreaves & Bixby
30 Hotaling Place
San Francisco, California 94111
(Brief filed)

ON BEHALF OF SERVICE:
Stephen M. Suffin
Trial Attorney
(Brief filed)

The case comes forward on motion of counsel requesting that proceedings be terminated or reopened.

The record relates to a native of Austria, born of parents who were citizens of Poland, 24 years old, male, married, who resided in Chile since he was approximately four or five years of age. In 1964 the respondent came to the United States on a student visa. In June 1966 he returned to Chile in order to visit his parents. The college had changed its policy and had supplied or sent to the respondent an exchange visitor form under section 101(a)(15)(J) of the Immigration and Nationality Act. He last entered the United States on September 11, 1966 as an exchange visitor.

———

* The alien in this case is also the subject of Interim Decision No. 1998.

On July 30, 1968 the respondent's application for a waiver of the foreign residence requirement applicable to exchange visitors was denied and he was granted until September 30, 1968 to depart voluntarily but failed to depart. Counsel on behalf of the respondent has admitted deportability on the charge contained in the order to show cause.

The respondent applied for adjustment of status under section 245 of the Immigration and Nationality Act. In our prior order, we held that absent a waiver contained in section 212(e) of the Act, an alien admitted as an exchange visitor cannot have his status adjusted or apply for an immigrant visa until such person has been physically present in the country of his last nationality or his last residence, or in another foreign country, for an aggregate of at least two years. The appeal from the decision of the special inquiry officer granting voluntary departure was dismissed.

In the motion now before us, respondent asks that the deportation proceedings be terminated or reopened on the ground that he is saved from deportation by the provisions of section 241(f) of the Act. He relies on *Muslemi* v. *INS,* 408 F.2d 1196 (9 Cir., 1969); *In re Yuen Lan Hom,* 289 F. Supp. 204 (S.D.N.Y., 1968); and *Matter of Lim,* Interim Decision No. 1947 (BIA, 1969). The Service's trial attorney has opposed the motion on the ground that respondent was not "otherwise admissible" within the meaning of section 241(f) at the time of his last entry because he lacked the labor certification required by section 212(a)(14) of the Act;[1] and on the further ground that, according to the respondent's testimony, it does not appear that he made a misrepresentation to the American Consul.

The *Muslemi* decision, *supra,* is not in point. The alien in that case had entered as a nonimmigrant visitor with an undisclosed intention of remaining permanently. In the deportation proceedings, he was found deportable on a charge under section 241(a)(1) on the ground that at entry he lacked the visa required of immigrants by section 212(a)(20) of the Act. In view of the fraud involved, the "no visa" charge, and the familial relationship, the court concluded that a situation parallel to *INS* v. *Errico,* 385 U.S. 214 (1966), was presented. The respondent, on the other hand, has been found deportable only on an "exchange visi-

---

[1] This contention has since been disposed of in the intervening decision in *Godou* v. *Rosenberg,* 415 F.2d 1266 (9 Cir., 1969), holding that lack of a labor certification does not keep a qualified alien from being "otherwise admissible" for purposes of section 241(f).

tor-remained longer" charge. Section 241(f) does not waive deportability on such a ground, *Tsaconas v. INS*, 397 F.2d 946 (7 Cir., 1968); *Ferrante v. INS*, 339 F.2d 98 (6 Cir., 1968). The court in *Muslemi, supra,* specifically avoided deciding in general terms that section 241(f) saves from deportation aliens who have fraudulently entered the United States as nonimmigrants and who have the necessary familial ties, regardless of the deportation charge.

Respondent argues in the alternative that he gained entry by either an intentional or unintentional misrepresentation and therefore a proper deportation charge would be that he was an immigrant at the time of entry. The short answer is that this was not the charge leveled against him. Fraud was not an essential ingredient of the "remained longer" ground on which he has been ordered deported. An alien may not pull himself up by his own bootstraps and claim he was guilty of fraud at entry and thereby eligible for the benefits of section 241(f). See *Ntovas v. Ahrens,* 279 F.2d 483 (7 Cir., 1960), cert. denied 364 U.S. 826; *Tsaconas v. INS, supra; Ferrante v. INS, supra.*

**ORDER:** It is ordered that the motion be and it is hereby denied.