**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gustavo OSUNA–PICOS, Defendant-Appellant.**

**No. 26549**

United States Court ·of Appeals, Ninth Circuit.

May 26, 1971.

Gray, District Judge, filed a concurring opinion.

George Haverstick (argued), San Diego, Cal., for defendant-appellant.

Joseph Sureck (argued), Regional Counsel, I & NS, San Pedro, Cal., Harry D. Steward, U. S. Atty., Brian E. Michaels, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BARNES and DUNIWAY, Circuit Judges, and GRAY, District Judge.*

PER CURIAM:

Appellant seeks review of his conviction under 8 U.S.C. § 1326 for illegally re-entering the United States after deportation. Our jurisdiction rests upon 28 U.S.C. § 1291. Both entries into the United States were made upon fraudulent claims of citizenship. Appellant's defense at trial was based upon the fact that he is the child of an alien lawfully admitted for permanent residence. He now asserts that the deportation order was rendered invalid by 8 U.S.C. § 1251(f), thereby negating an essential element of the crime. The trial court, 319 F.Supp. 558, rejected this contention and upheld the order of deportation on the basis of the decision of the Attorney General in Matter of Lee, Interim Decision No. 1960 (1969).

---

1. Computer Servicenters, Inc. of Greenville v. Beacon Manufacturing Company, 328 F.Supp. 653, (D.S.C.1970).

* Hon. William P. Gray, United States District Judge, Central District of California, sitting by designation.

Subsequently, we considered the scope of § 1251(f) and reversed the said Attorney General's decision in Lee Fook Chuey v. Immigration and Naturalization Service, 439 F.2d 244, (9th Cir. Sept. 29, 1970), pet. rh. denied (Feb. 11, 1971). In that case we held that an alien who has the requisite family ties and meets the qualitative requirements of the Immigration and Naturalization Act is entitled to the relief provided by § 1251(f), even though he has obtained entry by misrepresentation. No petition for *certiorari* has been filed by the government.

Because this case is factually indistinguishable from *Chuey,* we must *reverse* the judgment of conviction. It is so ordered.

GRAY, District Judge (concurring):

I agree that this case is covered by the opinion of this Court in *Lee Fook Chuey.* Being bound by that decision, I concur in this one.