William P. Gray, District Judge, concurred and filed opinion.

Jovencia Arce VITALES, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 26686.

United States Court of Appeals, Ninth Circuit.

May 28, 1971.

Robert S. Bixby (argued), of Fallon, Hargreaves & Bixby, San Francisco, Cal., for petitioner.

Charles Gordon (argued), Gen. Counsel, I. N. S., Washington, D. C., James L. Browning, Jr., U. S. Atty., Stephen Suffin, Atty., I. N. S., San Francisco, Cal., John N. Mitchell, U. S. Atty. Gen., Washington, D. C., for respondent.

344

Before BARNES, DUNIWAY, Circuit Judges, and GRAY,* District Judge.

PER CURIAM:

 Vitales was admitted to this country from the Philippines on July 21, 1968 under a non-immigrant visitors' visa. On May 18, 1969, she gave birth to a child in the United States. She overstayed the permitted time and was charged with being deportable under § 241(a) (2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a) (2). At a hearing before a Special Inquiry Officer she admitted the charge but sought to show that, under § 241(f) of the Act, 8 U.S.C. § 1251(f), she was not deportable because she had procured her non-immigrant visa by fraud and was otherwise admissible to this country. Her counsel offered to show that when she obtained the visa she intended to stay in this country permanently, that she failed to disclose her education to the Consul, failed to disclose relatives, and used a false statement of funds in bank. Most of the proof was rejected, the officer ruling that § 241(f) did not apply. The question whether she was otherwise admissible was not reached. An order of deportation was issued and affirmed by the Board of Immigration Appeals.

We hold that the decision of the Supreme Court in I.N.S. v. Errico, 1966, 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318, and our decisions in Muslemi v. I.N.S., 9 Cir. 1969, 408 F.2d 1196; Lee Fook Chuey v. I.N.S., 1970, 439 F.2d 244 and United States v. Osuna-Picos, 9 Cir., 1971, 443 F.2d 907. (May 26, 1971), taken together, require a reversal. *Muslemi* is on all fours except that he was charged with entering without an immigrant visa, and thus being deportable under § 241(a) (1), whereas Vitales was found deportable under § 241(a) (2). Like Muslemi, Vitales could have been charged under § 241(a) (1). In *Muslemi* we reserved the question whether § 241(f) would apply to a charge such as is here involved. *Lee Fook Chuey,* however, makes it emphatically clear that § 241(f) waives "any deportation charge that results directly from the misrepresentation regardless of the section of the statute under which the charge was brought. * *" (Opinion on petition for rehearing).

 Here there has been no decision whether Vitales in fact procured her visa by fraud or misrepresentation, or whether she is otherwise admissible. These are matters for the Service to decide.

The order is reversed and the matter is remanded for further proceedings.

WILLIAM P. GRAY, District Judge (concurring):

It seems to me that if a person accepted admission as a visitor, she cannot later be heard to make a self-serving claim of her own fraud by denying that she entered as a visitor. However, *Lee Fook Chuey* does indicate to the contrary, and I therefore feel obliged to concur in the remand.