MATTER OF YEE

In Deportation Proceedings

A-11468455

*Decided by Board November 8, 1971*

(1) While a determination as to the commission of the substantive offense of adultery is dependent upon the law of the state in which the act occurred, local peculiarities of criminal procedure are not determinative. Hence, notwithstanding the law of Iowa (the State in which the acts took place) does not provide for a criminal conviction for adultery unless the spouse prosecutes and respondent's wife elected not to prosecute him, the conduct of respondent, who fathered two illegitimate children by a single girl while legally married to another woman, constitutes adultery. Therefore, he is precluded by the provisions of section 101(f)(2) of the Immigration and Nationality Act from a finding of good moral character during the requisite period for the purpose of establishing statutory eligibility for suspension of deportation [*Wadman* v. *INS*, 329 F.2d 812 (C.A. 9, 1964), distinguished; in the instant case, respondent was not separated from his wife during the period in which he engaged in the adulterous acts].

(2) Respondent, who entered the United States as a nonimmigrant student and who is charged with deportability under section 241(a)(9) of the Act in that after entry he failed to comply with the conditions of his nonimmigrant status, is ineligible for the benefits of section 241(f) of the Act. [*Lee Fook Chuey* v. *INS*, 439 F.2d 244 (C.A. 9, 1971), does not govern outside that circuit; until the matter has been definitively resolved, the opinion of the Attorney General in *Matter of Lee*, Int. Dec. No. 1960 (1969), will be followed.]

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant—failed to comply with conditions of status.

ON BEHALF OF RESPONDENT:
Walter W. Rothschild, Esquire
227A East Fifth Street
Waterloo, Iowa 50703

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The special inquiry officer, in his decision dated December 18, 1970, found the respondent deportable as charged, denied his application for suspension of deportation under section 244 of the

Immigration and Nationality Act and denied his application for voluntary departure. From that order the respondent appeals. Since then he has filed an application for termination of proceedings under section 241(f) of the Act. The appeal will be dismissed and the application for relief under section 241(f) will be denied.

The record relates to a 32-year-old married male alien, a native of China and citizen of Canada. He entered the United States on June 11, 1961 with a nonimmigrant visa as a student authorized to remain until April 15, 1962. The record indicates that the respondent attended school only until June 27, 1961, thereafter taking unauthorized employment. Deportability was conceded and the record in any event contains clear, convincing and unequivocal evidence of deportability.

The proceedings were subsequently reopened to permit the respondent to make application for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act. The statutory prerequisites for the granting of that relief are (a) physical presence in the United States for a continuous period of seven years immediately preceding the date of application, (b) good moral character during that period, and (c) a finding that deportation would result in hardship to the alien or to his spouse, parent or child, who is a United States citizen or lawful permanent resident. The special inquiry officer found that the respondent had met all criteria except for establishing good moral character for the requisite period.

The special inquiry officer held that the respondent could not establish good moral character for the requisite period inasmuch as he had fathered two illegitimate children by a single girl while legally married to another woman. The special inquiry officer found that this constituted adultery and that, according to section 101(f)(2) of the Act, a person who has committed adultery during the requisite period is barred from a finding of good moral character. We agree with the special inquiry officer and uphold his conclusion.

The contention of counsel is that the respondent's conduct did not constitute adultery within the contemplation of the Immigration and Nationality Act because the law of the state in which the acts took place, Iowa, does not provide for a criminal conviction for adultery unless the spouse prosecutes, and the respondent's spouse in this case elected not to prosecute him. Section 702.1 of the Iowa Statutes, cited in counsel's brief, clearly pro-

vides, however, that "when the crime is committed by parties only one of whom is married both shall be punished."

It is true that a determination as to whether there has been the commission of adultery is dependent upon the law of the state in which the act occurred, *Matter of Pitzoff*, 10 I. & N. Dec. 35 (BIA, 1962); *Dickhoff* v. *Shaughnessy*, 142 F. Supp. 535 (S.D.N.Y., 1956). However, we are of the opinion that this rule relates only to the issue of the existence of the substantive offense, and not to questions of local pecularities of criminal procedure. Otherwise, the Congressional desire for uniformity of application of the Immigration and Nationality Act would be frustrated.

Counsel's reference to the case of *Wadman* v. *INS*, 329 F.2d 812 (9 Cir., 1964) is inapposite. In that case the court declined to find adultery where the extramarital intercourse was not of such a nature as to tend to destroy an existing marital relationship. In *Wadman* the alien's wife had deserted him and left the country. This is readily distinguishable from the present case, because the respondent was not separated from his wife during the period in which he engaged in such acts.

We accordingly agree with the decision of the special inquiry officer to deny suspension of deportation because the respondent could not establish good moral character for the requisite period. We also approve his decision to deny voluntary departure for failure to establish good moral character for the five years immediately preceding his application.

On April 23, 1971, the respondent's counsel submitted an application for termination of proceedings pursuant to section 241(f) of the Act.[1] His application was discussed during oral argument. Counsel pointed out that the respondent has four legitimate United States citizen children in addition to his two illegitimate ones. It is counsel's claim that the fraud necessary to bring section 241(f) into play is contained in the fact that the respondent, who had entered as a nonimmigrant, actually concealed his intention to remain in the United States as an immigrant. The fact that the respondent had used an assumed name under which he

---

[1] Section 241(f). The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence.

quired Canadian citizenship is not germane to the resolution of is appeal.

During oral argument counsel acknowledged that the respond- it had not been charged with excludability under section l2(a)(20) as an immigrant without a visa nor under section l2(a)(19) for fraud or misrepresentation. He pointed to the ise of *Lee Fook Chuey* v. *INS*, 439 F.2d 244 (9 Cir., 1971), as uthority for the proposition that the specific charge lodged gainst the alien is not important. Indeed, that case does purport ) include any deportation charges resulting directly from misrep- esentation regardless of the section of the Act under which it is rought, provided the alien was "otherwise admissible" as pro- ided in 241(f).

The *Lee Fook Chuey* decision has been endorsed and followed n two subsequent decisions of the Ninth Circuit, *United States* v. *)suan-Picos*, 433 F.2d 907 (9 Cir., 1971), and *Vitales* v. *INS*, 443 r.2d 343 (9 Cir., 1971). A certiorari petition has been filed to ·eview the latter, *INS* v. *Vitales*, No. 71–431. Thus, the Ninth Jircuit's construction of section 241(f) may soon be definitively ·eviewed. We are aware of no other circuit which has followed ·he Ninth Circuit's holding in *Lee Fook Chuey*. Until the matter ias been definitively resolved, we are bound to accept the Attorney General's decision in *Matter of Lee* [*Fook Chuey*], Interim Deci- sion No. 1960 (A.G., 1969). In fact, another court, in *Gambino* v. *INS*, 419 F.2d 1355 (2 Cir., 1970), cert. denied 399 U.S. 905, spe- :ifically endorsed the Attorney General's holding in *Matter of Lee* [*Fook Chuey*], *supra*.

The Attorney General's holding in *Matter of Lee* [*Fook Chuey*], *supra*, was that an alien who entered the United States without inspection upon a knowingly false claim of United States citizenship, thereby circumventing the visa-issuing process, is ineligible for relief under section 241(f), since he is not "other- wise admissible" at time of entry. The Attorney General's opinion is consistent with two court decisions, *Ferrante* v. *INS*, 399 F.2d 98 (6 Cir., 1968), and *Tsaconas* v. *INS*, 397 F.2d 946 (6 Cir., 1968), both of which denied section 241(f) relief to aliens who had entered as nonimmigrants.

The case of *Muslemi* v. *INS*, 408 F.2d 1196 (9 Cir., 1969), is relied upon by counsel in support of his claim that section 241(f) relief is available to a nonimmigrant. However, as the appellate trial attorney correctly pointed out, in that case the charge was not that the immigrant had violated the conditions of his nonim- migrant status, as is charged in the present case, but that he

788

entered without an immigrant visa. We note that the court merely remanded the *Muslemi* case for an administrative determination of whether the alien was "otherwise admissible" at the time of his entry.

There is an additional reason why we are not bound to follow the Ninth Circuit's holding in the *Lee Fook Chuey* case, *supra.* As we stated in *Matter of Amado and Monteiro,* Interim Decision No. 1951 (BIA, 1969), "the fact that a lower federal court has rejected a legal conclusion of this Board does not require us to recede from that conclusion in other jurisdictions." The same principle would apply with at least equal vigor to an opinion of the Attorney General, such as the Attorney General's decision in *Matter of Lee [Fook Chuey], supra.*

Hence, we shall affirm the special inquiry officer's decision to deny the respondent suspension of deportation and voluntary departure. We also shall deny his application for termination of proceedings under section 241 (f). The appeal will be dismissed and the following order will be entered.

**ORDER:** The appeal is dismissed.