## MATTER OF GABOURIEL

### In Deportation Proceedings

### A-19872688

*Decided by Board September September 7, 1971*

Respondent, who entered this country while asleep, who was not interrogated by an immigration inspector, who made no representation or statement of any kind at entry and who possessed no entry documents, is ineligible for the benefits of section 241(f) of the Immigration and Nationality Act, as amended, since there was no fraud or misrepresentation involved in her entry into the United States.

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(26), nonimmigrant without visa.

ON BEHALF OF RESPONDENT: Steve Hollopeter, Esquire
Community Legal Assistance Center
1440 West Ninth Street
Los Angeles, California 90015
(Brief filed)

The special inquiry officer, in his decision dated March 22, 1971 found the respondent deportable under the lodged charge only, refused to terminate the proceedings under section 241(f), and denied her the privilege of voluntary departure. From that order the respondent appeals. Her appeal will be dismissed.

The record relates to a female alien, 36 years of age, a native and citizen of British Honduras, who entered the United States on or about January 10, 1968. She is the mother of an illegitimate United States citizen child.

Deportability was conceded. We agree with the special inquiry officer that there is clear, convincing and unequivocal evidence in the record to support the finding of deportability under the lodged charge.

742

The respondent testified that she was never interrogated by an immigrant inspector when she entered the United States. She stated that she was asleep in an automobile at the time.

Counsel moved that the proceedings be terminated pursuant to section 241(f) of the Immigration and Nationality Act, based on the fact that the respondent has a United States citizen child.

The issue in this case is whether the respondent is saved from deportation by section 241(f) of the Immigration and Nationality Act, which provides:

The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured . . . entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the . . . parent . . . of a United States citizen. . . .

The precise question is whether an alien who entered the United States while asleep, and who made no representation or statement of any kind, but who possessed no entry documents, procured entry by fraud or misrepresentation within the meaning of 241(f).

Respondent's counsel, in his brief, contends that respondent's silence at entry, though due to the fact that she was then asleep, constitutes, in the eyes of the law, a misrepresentation because she had a duty to speak. We cannot accept this thesis. We agree with the special inquiry officer, who found no fraud present. Fraud was not an "essential ingredient" of the charge under which she was ordered deported, *Matter of Koryzma*, Interim Decision No. 2033 (BIA, 1970).

Respondent's counsel cites the decision in *INS* v. *Errico* and *Scott*, 385 U.S. 214 (1966). We feel that decision is not controlling in this case, because each of the aliens there involved had committed fraud in the procurement of his immigrant visa.

The case of *Muslemi* v. *INS*, 408 F.2d 1196 (9 Cir. 1969), also cited by counsel, is not in point. In that case the deportation charge (entry without an immigrant visa) resulted directly from the alien's fraudulent concealment of his intention to remain in the United States permanently.

Counsel's reliance on *Lee Fook Chuey* v. *INS*, 439 F.2d 244 (9 Cir. 1971) and *United States* v. *Osuna-Picos*, 443 F.2d 907 (9 Cir. 1971) is misplaced. Those cases both concerned aliens who entered the United States upon a fraudulent claim of United States citizenship. There is no wilful fraud in the present case.

We note that Supreme Court review of the Ninth Circuit decision in *Lee Fook Chuey, supra*, has not been sought. That deci-

743

sion has been endorsed and followed in two subsequent decisions in the same court, *United States* v. *Osuna-Picos, supra,* and *Vitales* v. *INS,* 443 F.2d 343 (May 28, 1971). We are now informed that the Solicitor General has authorized the filing of a certiorari petition in *Vitales.* Although the Ninth Circuit's construction of section 241 (f) may thus soon be definitively reviewed, we see no reason to hold further proceedings in this case in abeyance pending possible Supreme Court action. This case presents a narrow issue, not within the scope of any of the Ninth Circuit decisions cited above, *viz.,* whether the provisions of section 241 (f) extend to a case where no fraud or misrepresentation is involved. We shall therefore decide this appeal on its merits.

In *Errico* and *Scott, supra,* the issue was the interpretation of the phrase "otherwise admissible" in section 241 (f). The present case, on the other hand, concerns an entirely different element in the statute, *i.e.,* determining which aliens are "excludable at the time of entry as aliens who have ... procured ... entry into the United States by fraud or misrepresentation ...." Consequently, there is no reason to go into the question of whether the ground of inadmissibility in the present case is quantitative or qualitative. That question bears only upon the "otherwise admissible" issue. See *Lee Fook Chuey, supra.*

The respondent testified that she had been asleep when the other occupants in the car were interrogated by an immigrant inspector. We agree with the special inquiry officer's conclusion that there was no fraud involved in her entry into the United States. Because there was no fraud involved, the special inquiry officer found that the lodged charge is not based upon any claimed misrepresentation or fraud, but solely upon the absence of the entry documents required by section 212 (a) (26) of the Act. We agree with the special inquiry officer's conclusion in this regard.

We have found no decision, judicial or administrative, holding that an alien who physically entered the United States without making application for admission, either as an immigrant or as a nonimmigrant, and without any inspection by the immigration authorities, is saved from deportation by operation of section 241 (f). There is one case which seems to point to the opposite conclusion. In *Gambino* v. *INS,* 419 F.2d 1355 (2 Cir., 1970), cert. denied 399 U.S. 905, a similar situation was presented of an alien who entered the United States without inspection or documents, as a stowaway. The court found the alien deportable notwithstanding the provision of section 241 (f).

744

The *Gambino* court noted that section 241 (f) would appear to apply literally only to an alien charged with entering in violation of section 212 (a) (19) of the Act, but observed that its application had been extended administratively to include cases brought under any deportation charge resulting directly from misrepresentation, regardless of the section under which the charge was brought. The court pointed out that the alien, a stowaway, had not been, and indeed could not have been, charged with misrepresentation under section 212 (a) (19). The same is true of the present case, where the respondent did not even have the opportunity to make a misrepresentation. The same result should ensue.

In *Matter of Lim,* Interim Decision No. 1947 (BIA, 1969), the alien had innocently misstated that she was the spouse of a United States citizen and was admitted as a nonquota immigrant, without knowledge that her husband was an alien. We concluded that her innocent misrepresentation brought her within the purview of section 241 (f). The same sort of "derivative misrepresentation" was found in *Matter of Torbergsen,* Interim Decision No. 2015 (BIA, 1969), where we also held that section 241 (f) applied. However, in the present case, no representations of any sort, derivative or otherwise, are present.

Based upon our examination of the statute, court decisions and prior Board precedents, we conclude that the special inquiry officer was correct in his decision that the provisions of section 241 (f) do not authorize termination on the facts in the present case.

We also agree with the special inquiry officer's decision not to grant the privilege of voluntary departure, for the reasons stated by the special inquiry officer.

Accordingly, we will affirm the order of the special inquiry officer and dismiss the appeal. The following order will be entered.

**ORDER:** The appeal is dismissed.