Tomoko TOKUGAWA, Appellant,

v.

George K. ROSENBERG, District Director, Immigration and Naturalization Service, Appellee.

No. 71-2748.

United States Court of Appeals,
Ninth Circuit.

Dec. 6, 1971.

As Amended Jan. 19, 1972.

Richard T. Griffin, of Griffin, Griffin & Jackson, Pasadena, Cal., for appellant.

Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., Will Wilson,

---

23. 351 F.2d 564 (1965).

Asst. Atty. Gen., Criminal Division, Dept. of Justice, Washington, D. C., George K. Rosenberg, Dist. Director, I & N S, Los Angeles, Cal., Stephen Suffin, I & N S, San Francisco, Cal., Joseph Surreck, Counsel, I & N S, San Pedro, Cal., for appellee.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM:

Appellant Tomoko Tokugawa is a citizen and national of Japan presently residing at Los Angeles, California. She is the mother of two children who are citizens of the United States, namely, Toyokazu Tokugawa, born on January 17, 1961 in New York City, and Megumi Tokugawa, born on March 11, 1962 in Los Angeles. Appellant's husband divorced her in Japan on October 27, 1967. Appellant last entered the United States on November 5, 1967, pursuant to a visa as a nonimmigrant visitor for pleasure for a temporary period, issued by the American Embassy in Tokyo, Japan. At the time of this entry she was accompanied by her two children. In direct violation of her nonimmigrant status, she accepted employment that same month in the United States.

On November 8, 1968, appellant was accorded a deportation hearing, at which time a Special Inquiry Officer found her deportable for having remained longer than permitted. She was then accorded the privilege of remaining in the United States in a voluntary departure status pending disposition of successive private bills introduced in the Congress to grant her permanent residence in the United States. None of these bills were passed and Congress took adverse action on the last private bill, HR 2439, on August 3, 1971. Appellant was then granted until September 17, 1971 to depart voluntarily from the United States. She failed to do so.

On October 27, 1971, appellant applied to appellee, George K. Rosenberg, District Director, Immigration and Naturalization Service, pursuant to 8 C.F.R. § 243.4, for a stay of deportation for a period of four months. In this application, appellant stated that her two children had received all of their formal education in the United States, and that one was then in the fourth grade and the other in the fifth grade. Appellant further stated that she was financially unable to provide for their education in the English language in Japan, and that neither of her children reads or writes Japanese and neither is able to speak that language fluently. Asserting that it would be extremely detrimental to their educational development to require them to attend a Japanese school, appellant stated that she is attempting to arrange for employment which would be authorized under a nonimmigrant visa so that she may continue to provide for the education of her children in the United States. This application was denied on October 28, 1971.[1]

On October 29, 1971, appellant commenced this action against appellee in the United States District Court for the Central District of California. She sought a judicial review of appellee's denial of temporary stay of deportation, for permanent injunction and for a preliminary injunction and temporary restraining order. In her complaint, appellant alleged that she is attempting to arrange for employment in the United States as a treaty trader (E-1 visa) pursuant to section 101(a) (15) (E) of the

---

1. In denying the application, appellee recounted the fact that when appellant came here as a visitor in 1967 she came without her husband who remained in Japan and he, therefore, has been deprived of the company of his children (as noted above the father and mother had been divorced). The children, appellee pointed out, had resided in Japan several years and they therefore have been exposed to the Japanese culture. Appellee also stated that there is no showing that appellant's anticipated employment would render her eligible for a labor certification or nonpreference status that would make a visa number available to her.

Immigration and Nationality Act (Act), 8 U.S.C. § 1101(a) (15) (E).

The district court, on October 29, 1971, denied her application for a temporary restraining order and ordered the action dismissed on the ground that there was no showing of an abuse of discretion. However, the district court restrained appellant's deportation until November 8, 1971, to provide her an opportunity to appeal.

Appellant appealed and, on November 5, 1971, filed in this court an ex parte application for stay of deportation pending appeal. In this application appellant alleged that she is not deportable from the United States by reason of the provisions of section 241(f) of the Act, 8 U.S.C. § 1251(f) and that, accordingly, the denial by appellee of a stay of appellant's deportation constituted an abuse of his discretion.

In a supporting memorandum appellant asserted that the provisions of section 241 of the Act, relating to the deportation of aliens who were excludable at time of entry, as aliens who sought to procure entry into the United States by fraud or misrepresentation, are not applicable to aliens who are the parents of United States citizens, citing Vitales v. Immigration and Naturalization Service, 443 F.2d 343 (9th Cir. 1971). In this application, appellant placed no reliance upon section 101(a) (15) (E) of the Act, 8 U.S.C. § 1101(a) (15) (E), which was the statute relied upon in her complaint.

On November 5, 1971, we granted this application and entered an order staying the deportation pending appeal. As our action was ex parte, we provided in this order that it was subject to reconsideration on motion made within ten days. On November 15, 1971, appellee moved to vacate our stay order and to summarily affirm the order of the district court. This motion was made upon the grounds that: (1) appellee's denial of the stay of deportation was not an abuse of discretion, and the district court therefore properly refused to issue a temporary restraining order, and (2) appellant's contention that she is not deportable from the United States by reason of the provisions of section 241(f) of the Act, 8 U.S.C. § 1251(f) is being raised for the first time on this appeal.

We called upon appellant to file an answer to this motion, and such an answer was filed on November 29, 1971. In this answer appellant states that a copy of appellee's decision of October 28, 1971, denying the application for a stay, was shown to appellant's counsel for the first time when it was exhibited to the district judge in chambers on October 29, 1971. Appellant further states that, on this occasion, counsel for appellant raised the question of the applicability of section 241(f) of the Act, and specifically called attention to the Vitales opinion cited above. Appellant concedes that the section 241(f) issue was not raised in the deportation proceeding. She also suggests, however, that the provisions of section 241(f) undermine the jurisdiction of the agency to issue a final order of deportation, citing United States v. Osuna-Picos, 443 F.2d 907 (9th Cir. 1971).

In view of the posture this appeal has taken, under the circumstances reviewed above, we think the section 241(f) question appellant raises should be presented and disposed of in a reopened proceeding, with the right of either side to appeal to this court, before we proceed further with the pending appeal. Accordingly, the motion to vacate the stay order and summarily affirm is denied, and the proceedings are remanded to the Immigration and Naturalization Service so that this issue may be dealt with in a reopened deportation proceeding with the right of further proceedings in this court.

The pending appeal will be held in abeyance for ninety days to provide an opportunity to present, and have considered at the same time, the agency determination of the section 241(f) issue, and an appeal therefrom to this court, if sought. If additional time is needed, either party may move therefor. If

the further proceedings moot the present appeal appellant shall advise this court. The stay order issued by this court on November 5, 1971, shall remain in effect until further order of this court.