MATTER OF MANGABAT*

In Deportation Proceedings

A-19049517

*Decided by Board March 29, 1972*

(1) The fact that a lower federal court has disagreed with a legal conclusion of the Board does not of itself require that the Board recede from that conclusion; the Board's jurisdiction is nationwide and the contrary ruling of a reviewing court in one district or circuit is not necessarily dispositive.

(2) The provisions of section 241(f) of the Immigration and Nationality Act, as amended, do not benefit an alien who entered the United States as a nonimmigrant. [The interpretation in *Matter of Cadiz*, 12 I. & N. Dec. 560; *Matter of Pon*, 13 I. & N. Dec. 446; *Matter of Koryzma*, 13 I. & N. Dec. 514; and *Matter of Yee*, 13 I. & N. Dec. 785, adhered to, notwithstanding *Vitales* v. *I&NS*, 443 F.2d 343 (C.A. 9, 1971), vacated (*I&NS* v. *Vitales*, 405 U.S. 983 (1972)) and remanded with instructions to dismiss petition for review.]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant— remained longer than permitted.

ON BEHALF OF RESPONDENT:    David C. Marcus, Esquire
                             215 West Fifth Street
                             Los Angeles, California 90013

This is an appeal from an order of a special inquiry officer dated October 21, 1971, denying on reconsideration respondent's motion to reopen and terminate the proceedings under section 241(f) of the Immigration and Nationality Act. The appeal will be dismissed.

Respondent is a 34-year-old unmarried female alien, a native and citizen of the Philippines. She was admitted to the United States on May 19, 1968 as a nonimmigrant visitor for a period to expire September 20, 1968 and remained longer than permitted. At a deportation hearing before a special inquiry officer on March 12, 1971, at which she was represented by other counsel, respondent

---

* Reaffirmed. See 477 F.2d 108; cert. denied, 414 U.S. 841 (1973).

admitted the truth of the factual allegations of the order to show cause and conceded deportability on the above-stated charge. The special inquiry officer found her to be deportable and granted her until June 1, 1971 to depart voluntarily in lieu of deportation. There was no appeal and the special inquiry officer's order became administratively final. Respondent failed to depart and the alternate order for her deportation to the Philippines vested.

On July 12, 1971, through present counsel, respondent filed a motion to reopen and terminate. In it she alleged that when she applied to the American consul in the Philippines for her nonimmigrant visa, she did not disclose a secret intention to remain here permanently; that on December 12, 1969, at Los Angeles she gave birth to a daughter, who is a United States citizen; and that by reason of her fraud and parentage of a United States citizen child, she is entitled to termination of the proceedings under section 241(f) of the Act. In an order dated August 16, 1971, the special inquiry officer denied the motion for the stated reason that the respondent had submitted no evidence to corroborate her self-serving confession of fraud.

Counsel thereupon moved for reconsideration, citing *INS* v. *Errico*, 385 U.S. 214 (1966), and the ensuing decisions of the United States Court of Appeals for the Ninth Circuit in *Muslemi* v. *INS*, 408 F.2d 1196 (1969); *Lee Fook Chuey* v. *INS*, 439 F.2d 244 (1971); *United States* v. *Osuna-Picos*, 443 F.2d 907 (1971); and *Vitales* v. *INS*, 443 F.2d 343 (1971). In the order now before us on appeal, the special inquiry officer denied the motion, concluding that the evidence presented did not make out a case of fraud within the meaning of section 241(f).

While this appeal was pending before us, the Supreme Court granted the Service's petition for certiorari to review the *Vitales* decision, *INS* v. *Vitales*, 404 U.S. 983. We held in abeyance further action in this case and in certain other cases presenting the same issue, pending definitive decision by the Supreme Court in *Vitales*. The Supreme Court has now terminated that case inconclusively.[1] For the reasons stated below, we shall proceed to a decision on this appeal, rather than waiting further for a possible definitive Supreme Court decision in a case yet to be filed.

This Board has consistently taken the position that section 241(f) does not benefit an alien who entered as a nonimmigrant,

---

[1] Miss Vitales left the United States and it was suggested to the Court that this rendered the issue either moot or unreviewable under section 106(c) of the Act. On March 20, 1972, the Court entered an order vacating the Court of Appeals judgment and remanding the case to that court with directions to dismiss the petition for review, *INS* v. *Vitales*, 405 U.S. 983.

*Matter of Cadiz,* 12 I. & N. Dec. 560 (BIA, 1968); *Matter of Pon,* 13 I. & N. Dec. 446 (BIA, 1969); *Matter of Koryzma,* 13 I. & N. Dec. 514 (BIA, 1970); *Matter of Yee,* 13 I. & N. Dec. 785 (BIA, 1971). That position is consonant with, and indeed required by, the rationale of the Attorney General's decision in *Matter of Lee,* 13 I. & N. Dec. 214 (BIA, 1967; A.G. 1969); see especially footnote 4. The Courts of Appeals outside the Ninth Circuit have endorsed our longstanding construction of the statute, *Ferrante* v. *INS,* 399 F.2d 98, 104–105 (6 Cir., 1968); *Tsaconas* v. *INS,* 397 F.2d 946, 948–949 (7 Cir., 1968); *Rutledge* v. *Esperdy,* 200 F. Supp. 231, 233 (S.D. N.Y., 1961), affirmed per curiam 297 F.2d 532 (2 Cir., 1961). The Ninth Circuit alone has adhered to the expansive view of the underlying Congressional design on which its decisions are bottomed.

Where a reviewing court rejects our construction of a statute, in treating with the same issue in subsequent cases we try to reach an accommodation compatible both with respect for the court's judgment and with the needs of effective administration of the law. The fact that a lower federal court has disagreed with a legal conclusion of this Board does not of itself require us to recede from that conclusion. The Board's jurisdiction is nationwide and we hear appeals from Service decisions in all parts of the country. The contrary ruling of a reviewing court in one district or one circuit is not necessarily dispositive. As we have seen with respect to section 241(f), a conflictiing view may be expressed by a court in another jurisdiction.

Where further appellate review is not sought because it is concluded administratively that the adverse court decision is correct, we recede from our former position and accept the court's position as our own in future cases. See *Matter of Lim,* 13 I. & N. Dec. 169 (BIA, 1969). Where, however, the Government's failure to seek further appellate review is due to factors other than acquiescence, we try to preserve the status quo pending definitive decision in another case. While continuing to apply our own legal conclusion in other jurisdictions, we may apply the contrary conclusion in cases arising within the jurisdiction of the court which rendered it, *Matter of Amado and Monteiro,* 13 I. & N. Dec. 179 (BIA, 1969).

It was to avoid this unhappy solution that we have withheld action on appeals presenting this section 241(f) issue in cases which would normally be reviewed in the Ninth Circuit, pending definitive decision in *Vitales.* In view of the inconclusive termination of that case, we could continue to hold the many cases we now have, until such time as a suitable case arising in another circuit becomes the vehicle for ultimate Supreme Court decision. That will take some time. We believe that effective administration

requires that we act now on the cases before us, without further delay.

In declining to apply the cited Ninth Circuit decisions in this and other cases reviewable in that circuit, we mean no disrespect for that court. Since the issues have already been crystallized, briefed and defined in the cited cases, our action now should pave the way for prompt decision in that court and prompt review in the Supreme Court. The construction of section 241(f) which we here apply is one which the Attorney General has approved, and his decision is binding on us. The Ninth Circuit's view represents a minority position among the circuits. The Solicitor General's challenge to it in petitioning for certiorari in *Vitales* negates any notion of administrative acquiescence. The Supreme Court's action in granting certiorari indicates that a substantial question is presented.

Under the circumstances, we feel justfied in continuing to adhere to the view that section 241(f) does not benefit an alien who entered as a nonimmigrant. We therefore dismiss the appeal.

**ORDER:** The appeal is dismissed.