Joseph B. Gilbert, Chicago, Ill., for plaintiff.

James R. Thompson, U. S. Atty., Chicago, Ill., for defendant.

**Efrain REYES–CERNA, Plaintiff,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Defendant.**

**No. 72 C 102.**

United States District Court,
N. D. Illinois, E. D.

Aug. 4, 1972.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

Plaintiff, an alien, brought this declaratory judgment action in an attempt to secure permission to reapply for admission into the United States after deportation. The defendant has moved for summary judgment. The motion is granted.

Plaintiff, a native of Mexico, was convicted in 1967 of illegally re-entering the United States after having been arrested and deported, and given five years probation with the condition that he be deported to Mexico and not re-enter the United States illegally during the probation period. Thereafter, plaintiff re-entered illegally in March 1968 and was deported again; and finally re-entered the United States illegally on March 9, 1969 and has remained here to date.

He married an American citizen in 1970 and his wife successfully petitioned defendant to have her husband classified as an immediate relation of a United States citizen, and thus eligible for an immigrant visa outside the quota and labor certification provisions of the immigration laws. Thereupon, plaintiff applied for permission to apply for admission into the United States after deportation. Permission was denied by defendant's district director and the appeal therefrom denied by the regional commissioner, who also denied a motion to reopen the case. Plaintiff's petition for review to the Seventh Circuit was dismissed on defendant's motion, that court not having jurisdiction.

Plaintiff argues that 8 U.S.C. §§ 1182(h) and 1251(f) should accord him permission to reapply for admission into the United States. This argument is not substantiated by analysis of the statute and the applicable case law. Subsection 1182(h) does not apply to plaintiff since by its very terms it refers only to those aliens who (1) have been convicted of crimes involving moral turpitude, (2) have been convicted of two or more crimes with aggregate sentences of five years or more, or (3) aliens involved in prostitution.

Section 1251(f) applies to deportation proceedings, not a proceeding such as this one. Since the agency has found that plaintiff does not meet the qualitative standards of the immigration laws, United States v. Osuna-Picos, 443 F.2d 907 (9th Cir. 1971) and Lee Fook Chuey v. Immigration and Naturalization Service, 439 F.2d 244 (9th Cir. 1971) are inapposite. Given the narrow scope of review permitted by 5 U.S.C. § 706, plaintiff's persistent disregard for the immigration laws and the mandate of 8 U.S.C. § 1182(a) (17) (exclusion of aliens who have been arrested and deported), the Court cannot set aside the defendant's actions.

The complaint will be dismissed and judgment will be entered for the defendant.

It is so ordered.