**HAGHOOSH BARONAKIAN PIRZA-DIAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 72–1080.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1972.

Decided Jan. 25, 1973.

Harvey L. McCormick, The Legal Aid and Defender Society of Greater Kansas City, Mo., Kansas City, Mo., filed brief of petitioner and appendix.

John L. Murphy, Chief, Administrative Regulations Section, Crim. Div., and Donald H. Feige, Atty., Dept. of Justice, Washington, D. C., filed brief for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and BOGUE,* District Judge.

BOGUE, District Judge.

Petitioner, Haghoosh Baronakian Pirzadian, was admitted to the United States on October 17, 1969. She is a citizen of Iran who entered this country as a non-immigrant visitor for pleasure, authorized to remain until June 30, 1971. She overstayed the permitted time and was charged with being deportable under § 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2). Petitioner applied for an extension of her temporary stay which was denied on July 16, 1971. On the same date the Immigration and Naturalization Service notified her that she must depart the United States by August 16, 1971. She again failed to leave and on August 31, 1971, she was given notice to appear for a hearing before a Special Inquiry Officer on October 26, 1971. In addition, petitioner was ordered to show cause why she should not be deported. The Special Inquiry Officer found the petitioner deportable as charged but granted her the privilege of voluntary departure.

On November 4, 1971, petitioner appealed the decision of the Special Inquiry Officer to the Board of Immigration Appeals. Petitioner stated that she had a son and daughter living in the United States on a permanent residence visa. She also stated that she acts as a baby sitter for her two small grandchildren while her daughter attends a trade school. Petitioner claimed that the Board of Immigration Appeals should grant her an exemption from deportation under § 241(f) of the Immigration and Nationality Act, 8 U.S.C. § 1251(f). On January 17, 1972, the Board of Immigration Appeals affirmed all of the decisions of the Special Inquiry Officer. Petitioner was found to be deportable under § 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2), as a non-immigrant visitor who remained longer than authorized. Petitioner's claimed exemption from deportation under 8 U.S.C. § 1251(f), was denied.

The sole issue on appeal is whether the petitioner is entitled to the benefit of 8 U.S.C. § 1251(f), as that statute has been construed by the Supreme Court in Immigration and Naturalization Service v. Errico, 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966).

8 U.S.C. § 1251(f) provides as follows:

"The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence."

█ As discussed in *Errico, supra,* the legislative history indicates that the purpose behind the enactment of this statute was that Congress intended to protect certain persons, notably refugees and displaced persons from exclusion or deportation. While Congress did desire that § 1251(f) be a remedy by which certain families could be kept together, it is hardly reasonable that Congress intended that § 1251(f) should encompass aliens who gained entrance into the United States by any means to then claim an exemption from deportation merely because they are close relatives of United States citizens or aliens admitted for permanent residence. This would be the effect of a holding in the

---

* District Judge for the District of South Dakota sitting by designation.

instant case that § 1251(f) grants petitioner an exemption from deportation.

 Section 1251(f) is very clearly limited in scope. It does not waive all grounds of deportability for persons who are the spouse, parent, or child of a United States citizen or of an alien admitted for permanent residence. It only waives deportability on the ground that they were excludable at the time of entry for having procured documents or entry through fraud or misrepresentation. Petitioner is not eligible for relief from deportation under § 1251(f) solely on the basis that she is the mother of two aliens who have been admitted to the United States for permanent residence. Although this Court can appreciate and in fact sympathizes with petitioner's desire to remain in this country with her grown children, the relief she is seeking is not available under § 1251(f).

The Supreme Court case of Immigration and Naturalization Service v. Errico, *supra*, does not support the petitioner's contention either. In that case the Supreme Court held that an alien who committed fraud or made misrepresentations for the purpose of evading quota restrictions should not be denied relief under § 1251(f) as an alien not "otherwise admissible at the time of entry." It does not contain authority for the proposition that the necessary familial relationship alone will save aliens from deportation.

It is of no little concern to this Court that the decision in this case appears to produce a harsh result. It seems to penalize the honest alien applying for entrance into this country and yet if fraud were alleged the dishonest applicant could be rewarded with the privilege of remaining in the United States. Nevertheless, the clear meaning of the statute and prior interpretations compel the Court to reach this result. Tsaconas v. Immigration and Naturalization Service, 397 F.2d 946 (7th Cir. 1968), and Vi-

tales v. Immigration and Naturalization Service, 443 F.2d 343 (9th Cir. 1971).

The order of the Immigration and Naturalization Service works a hardship on petitioner and petitioner's daughter. Unfortunately for both of them the petitioner has not alleged that she attempted to or did in fact procure visas or entry into the United States by fraud or misrepresentation. If she would have alleged fraud or misrepresentation and had been "otherwise admissible", petitioner would have been eligible for relief from deportation under § 1251(f). *See* Vitales v. Immigration and Naturalization Service, *supra*.

The decision of the Board of Immigration Appeals is affirmed.

Affirmed.