**CHUNG WOOK MYUNG, Petitioner,**

v.

**DISTRICT DIRECTOR OF the UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 72-1202.**

United States Court of Appeals, Ninth Circuit.

Nov. 1, 1972.

Hiram W. Kwan (argued), Los Angeles, Cal., for petitioner.

Carolyn M. Reynolds, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Los Angeles, Cal., Joseph Surreck, Regional Counsel, I&NS, San Pedro, Cal., Stephen Suffin, Atty., I&NS, San Francisco, Cal., for respondent.

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Before ELY and WRIGHT, Circuit Judges, and TALBOT SMITH, District Judge.*

PER CURIAM:

In challenging the respondent's order that he be deported, the petitioner makes two contentions. He first argues that the Service abused its discretion in denying his application, based upon alleged hardship, for suspension of his deportation. 8 U.S.C. § 1254. In United States ex rel. Hintopoulos v. Shaughnessy, 353 U.S. 72, 77, 77 S.Ct. 618, 621, 1 L.Ed.2d 652 (1957), the Supreme Court wrote: "Suspension of deportation is a matter of discretion and of administrative grace, not mere eligibility; discretion must be exercised even though statutory prerequisites have been met." In the light of the record before us here, we are not persuaded that the petitioner has been the victim of an abusive exercise of discretion. Cf. Kasravi v. I&NS, 400 F.2d 675 (9th Cir. 1968); Llacer v. I&NS, 388 F.2d 681 (9th Cir. 1968). See also Kwang Shick Myung v. I&NS, 368 F.2d 330 (7th Cir. 1966).

Next, the petitioner argues that he is exempt from deportation by reason of section 241(f) of the Immigration and Nationality Act, 8 U.S.C. § 1251(f), and our court's decision in Vitales v. I&NS, 443 F.2d 343 (9th Cir. 1971).[1] This contention must be rejected under the authority of United States v. Palmer, 458 F.2d 663 (9th Cir. 1972).

The basis of our reasoning in Vitales, as well as in Errico v. I&NS, 349 F.2d 541 (9th Cir. 1965), aff'd, 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966), was that section 241(f) was designed to afford some protection to an alien from being deported after establishing familial ties with resident citizens of the United States. That reason does not ex-

ist in the case at bar. The petitioner married after he entered this country as a nonimmigrant, and a United States citizen child was born as a result of that union. The wife and child, however, now reside in Korea, the country of which the petitioner is a citizen. To sustain the petitioner's argument would be to promote familial disunity rather than, as intended by Congress in its enactment of section 241(f), to promote it. The petition for review is rejected, and the statutory stay of deportation is vacated.

So ordered.

---

* The Honorable Talbot Smith, United States District Judge, of Michigan, Detroit Division, sitting by designation.

1. Since the Supreme Court vacated our court's judgment in Vitales only by reason of the mootness of the controversy, the alien having departed the United

States, I&NS v. Vitales, 405 U.S. 983, 92 S.Ct. 1245, 31 L.Ed.2d 449 (1972), the Vitales interpretation of section 241 (f) remains the law of this Circuit.