**LAI HAW WONG et al., Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 72–1469.

United States Court of Appeals, Ninth Circuit.

Feb. 28, 1973.

740

Michael W. Roberts (argued), Albert C. Lum, of Simmons & Ritchie, Los Angeles, Cal., for petitioner.

Carolyn M. Reynolds, Asst. U. S. Atty. (argued), Frederick M. Brosio, Jr., Asst. U. S. Atty., William D. Keller, U. S. Atty., Los Angeles, Cal., Henry E. Peterson, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Stephen Suffin, Atty., I&NS, San Francisco, Cal., Joseph Surreck, Regional Counsel, I&NS, San Pedro, Cal., George K. Rosenberg, Dist. Director, I&NS, Los Angeles, Cal., for respondent.

Before CHAMBERS and CHOY, Circuit Judges, and ENRIGHT,* District Judge.

CHOY, Circuit Judge:

Lai Haw Wong (Mrs. Wong) and her two minor sons, Foo and Fat, appeal a decision of the Board of Immigration Appeals (the Board) holding them deportable under Section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1). Another son, Lip, appeals from the Board's denial of a petition to admit him as the son of a lawfully admitted permanent resident, Mrs. Wong. We affirm.

Mrs. Wong, Foo and Fat were admitted into the United States in March, 1969 under a derivative fourth preference visa through Wong Kam Chow, their husband and father, to whom a fourth preference visa had been issued in 1968. Mr. Wong was never admitted into this country as he was convicted on a narcotics charge before he could leave Hong Kong. The third son, Lip, was paroled into the United States, also in March 1969 on a status dependent upon the status of Mrs. Wong.

A special inquiry officer heard the deportation proceedings which were instituted against Mrs. Wong alone in October, 1969.[1] He ruled that she was not deportable under 8 U.S.C. § 1251(f)[2] (hereinafter section 241(f)) because she was the parent of two children who had been admitted for permanent residence albeit under the mistaken belief that they were accompanying or joining their father here. He certified his decision to the Board because of the novelty of the issue involved.

While the certified question was pending before the Board, the Immigration and Naturalization Service (the INS) brought deportation proceedings against Foo and Fat, and moved to reopen Mrs. Wong's deportation case and to consolidate the three deportation matters. The Board granted the reopening and the consolidation pointing out that the special inquiry officer's decision as to Mrs. Wong having been certified was not a final action but only a suggested solution.

The special inquiry officer, on reopening, ruled that Mrs. Wong, Foo and Fat (appellants) held invalid preference immigrant visas since they did not accompany or join their husband and father and so were deportable. Appellants contend that they were entitled to section 241(f) relief since at one time, no matter how briefly, there was a person who was a lawful permanent resident alien with whom they had the necessary relationship; i. e., Mrs. Wong's status was supported by the admission of Foo and Fat; and the status of Foo and Fat was supported by Mrs. Wong's admission, plus the special inquiry officer's October 1969 ruling that she was not deportable.

The Board rejected appellants' contentions ruling that their admission on visas to which they were not entitled conferred no lawful status upon appellants and that they could not rely on each other's admission to gain section 241(f) status. We agree.

---

* The Honorable William B. Enright, United States District Judge for the Southern District of California, sitting by designation.

1. The policy of the Immigration and Naturalization Service was to permit children of tender years to leave the United States on a voluntary basis with their parent or parents where all of them were deportable instead of subjecting such children to deportation proceedings with their parent or parents.

2. "The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen or of an alien lawfully admitted for permanent residence."

The fundamental purpose of Congress in enacting § 241(f) was a humanitarian desire to keep family units together by precluding deportation of aliens who had gained admission into the country by fraud or misrepresentation if the effect of such deportation would be to separate families composed in part of American citizens or lawful permanent residents. Immigration Service v. Errico, 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed. 2d 318 (1966); Lee Fook Chuey v. Immigration & Naturalization Service, 439 F.2d 244, 247 (9th Cir. 1971).

Here, the family unit comprises a non-citizen father in Hong Kong who was never admitted into this country, a mother, and three sons. Under such circumstances, permitting Mrs. Wong and two sons to remain here and admitting the third son into the United States while Mr. Wong resides in another country, would promote familial disunity rather than union, contrary to the purpose of § 241(f). Chung Wook Myung v. Immigration & Naturalization Service, 468 F.2d 627 (9th Cir. 1972); United States v. Palmer, 458 F.2d 663 (9th Cir. 1972).

The basis for admission of Mrs. Wong and two sons was the misconception that Mr. Wong had already entered this country under his fourth preference visa.

Such mistaken admission conferred no status, permanent resident or otherwise, on Mrs. Wong, Foo, or Fat. None was lawfully admitted. It follows that the special inquiry officer's tentative ruling that Mrs. Wong was not deportable since she was the parent of two children who had been admitted for permanent residence was erroneous.

■ Appellants contend that, since the special inquiry officer knew or should have known when he made his original ruling that the two children were excludable at the time of entry, the reopening of Mrs. Wong's case by the Board was a violation of due process— that the INS was estopped from introducing evidence as to the children since 8 C.F.R. § 242.22 prohibits reopening a deportation hearing for the taking of further evidence "unless the special inquiry officer is satisfied the evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing."

No final decision was reached by the special inquiry officer. He certified the matter to the Board for a final decision because of the novel situation presented. "The order of the special inquiry officer shall be final except when the case is certified to the Board . . . or an appeal is taken to the Board by the respondent or the trial attorney." 8 C.F.R. § 242.20. Thus, technically speaking, no reopening was involved of Mrs. Wong's case, there having been no finality in the ruling of the special inquiry officer.

The remand to and further proceedings before the special inquiry officer, including the taking of further evidence as to the children, were proper.

■ As to the appeal of the son, Lip, who seeks this court's review of the denial of his visa petition, we dismiss his appeal since it did not arise out of a deportation proceeding. While under 8 U.S.C. § 1105a(a) the court of appeals has exclusive jurisdiction to review final orders of deportation such as those affecting Mrs. Wong, Foo and Fat. Lip's resort, however, should have been to the district court rather than to this court. Cheng Fan Kwok v. INS, 392 U.S. 206, 210, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968); Andres v. INS, 460 F.2d 287, 288 (6th Cir. 1972).

Affirmed as to Mrs. Wong, Foo and Fat, dismissed for want of jurisdiction as to Lip.