Jose MARQUEZ–ZERMENO,
Petitioner,

v.

Alberto R. GONZALES *, Respondent.

No. 04–70830.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2007.

Filed April 20, 2007.

Tifany E. Markee, Law Offices of Milner & Markee, LLP, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David Dauenheimer, DOJ—U.S. Department of Justice Civil Division/Torts Branch, Richard M. Evans, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and WHYTE **, District Judge.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

** The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

### MEMORANDUM ***

Any alien convicted of "a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance" is inadmissible. 8 U.S.C. § 1182(a)(2)(A)(i)(II). In 1985, prior to his erroneous admission, petitioner was convicted in California state court for possession of the controlled substance phencyclidine. Based on this conviction, petitioner in subsequent proceedings was found removable.˙

The Immigration Judge found that the petitioner was ineligible for cancellation of removal under INA § 240A, 8 U.S.C. § 1229b. Although we have no jurisdiction to review "any judgment regarding the granting of relief under . . . [section] 1229b," 8 U.S.C. § 1252(a)(2)(B)(i), we have jurisdiction to review "constitutional claims or questions of law" under 8 U.S.C. § 1252(a)(2)(D). "[W]hether, as a result of a prior conviction, petitioner was never 'lawfully' admitted for permanent residence within the meaning of section 1182 . . . is a question of law." *Monet v. INS,* 791 F.2d 752, 753 (9th Cir.1986).

 Petitioner is ineligible for cancellation of removal as a lawful permanent resident under INA § 240A(a), 8 U.S.C. § 1229b(a). As a result of his controlled substance conviction, his 1991 entry into this country on an immigration visa as a purported lawful permanent resident actually conferred no status upon him. *Lai Haw Wong v. Immigration and Naturalization Service,* 474 F.2d 739, 742 (9th Cir.1973). We have no jurisdiction over petitioner's claim that he qualifies for relief under INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1), as a nonpermanent resident because that claim does not implicate any "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Although the result here is a troubling one, the petition must be dismissed.

**DISMISSED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

