## Matter of Rolando Manapa FEDERISO, Respondent

File A040 501 894 - Los Angeles

*Decided October 23, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

To be eligible for a waiver of removal under section 237(a)(1)(H)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(H)(i) (2006), an alien must establish a qualifying relationship to a living relative.

FOR RESPONDENT: Andrew J. Vazquez, Esquire, Pasadena, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jessica Mufarreh, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, COLE, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated July 28, 2006, an Immigration Judge granted the respondent's request for a waiver of removal under section 237(a)(1)(H)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(H)(i) (2006). The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, the decision of the Immigration Judge will be vacated, and the respondent will be ordered removed from the United States.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of the Philippines. The record reflects that he was admitted to the United States as a lawful permanent resident on November 8, 1986, on the basis of his first-preference classification as the unmarried son of a United States citizen. It further indicates that he was married at the time of his admission. The respondent's mother, who was a United States citizen, died in 2005.

Removal proceedings were initiated against the respondent in January 2001. The Notice to Appear (Form I-862) charged that the respondent is removable under section 237(a)(1)(A) of the Act because he was inadmissible at the time

of entry under sections 212(a)(5)(A)(i), (6)(C)(i), and (7)(A)(i)(I) of the Act, 8 U.S.C. §§ 1182(a)(5)(A)(i), (6)(C)(i), (7)(A)(i)(I) (2000). During proceedings on August 3, 2001, the Immigration Judge denied the DHS's motion for a continuance and granted the respondent's motion to terminate. The DHS appealed, and on December 8, 2003, we sustained the appeal and remanded the record for the proceedings to be reinstated. At the proceedings on remand, the Immigration Judge found the respondent removable as charged but granted his request for a waiver under section 237(a)(1)(H) of the Act. On appeal, the DHS contends that the respondent is statutorily ineligible for the waiver because he no longer qualifies as the son of a United States citizen following the death of his mother.

## II. ANALYSIS

Section 237(a)(1)(H)(i) of the Act provides a waiver of removal for certain aliens who were inadmissible at the time of admission under section 212(a)(6)(C)(i) because they sought documentation or admission by fraud or willful misrepresentation of a material fact. The statute currently provides, in pertinent part, as follows:

> The provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in section 212(a)(6)(C)(i), whether willful or innocent, may, in the discretion of the Attorney General, be waived for any alien (other than an alien described in paragraph (4)(D)) who –
> (i) (I) *is the spouse, parent, son, or daughter of a citizen of the United States* or of an alien lawfully admitted to the United States for permanent residence; and
> (II) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such admission except for those grounds of inadmissibility specified under paragraphs (5)(A) and (7)(A) of section 212(a) which were a direct result of that fraud or misrepresentation.

Section 237(a)(1)(H) of the Act (emphasis added). Thus, only an alien who "is the spouse, parent, son, or daughter of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence" may be eligible for this waiver. Section 237(a)(1)(H)(i)(I) of the Act. The respondent claims that he is eligible because he is the son of a United States citizen, even though his mother is now deceased.

The DHS argues that a person can qualify as the son of a United States citizen only if the citizen parent is living. The respondent, on the other hand, focuses his argument on a comparison to the waiver of inadmissibility under section 212(i) of the Act, which requires a showing of hardship to the qualifying relative. He asserts that because section 237(a)(1)(H) has no such

requirement, only the existence of the relationship to the qualifying relative must be shown and the parent need not still be living. Upon review of the history of section 237(a)(1)(H), we conclude that the Immigration Judge erred in finding the respondent eligible for a waiver and we will sustain the DHS's appeal.

The first origins of the fraud waiver appeared in 1957 when Congress created a provision that excused the deportation of an alien who was excludable at the time of entry on the basis of fraud or misrepresentation and who was a "spouse, parent, or child of a citizen of the United States" or a lawful permanent resident. *See* Act of Sept. 11, 1957, Pub. L. No. 85-316, § 7, 71 Stat. 639, 640; *see also Matter of Slade*, 10 I&N Dec. 128, 131 (BIA 1962). In 1961, Congress enacted the waiver provisions of former section 241(f) of the Act, 8 U.S.C. § 1251(f) (1964). *See* Act of Sept. 26, 1961, Pub. L. No. 87-301, § 16, 75 Stat. 650, 655. The waiver of deportation, which was mandatory at that time, again contained the requirement that the applicant must qualify as a "spouse, parent, or child." A subsequent amendment to former section 241(f) rendered the waiver discretionary, but the qualifying relative requirement remained the same. *See* Immigration and Nationality Act Amendments of 1981, Pub. L. No. 97-116, § 8, 95 Stat. 1611, 1616.

When section 241(f) was repealed and the statute was renumbered in 1990, the wording regarding qualifying relatives was also amended to replace a "child" with a "son, or daughter," thereby eliminating the age restrictions associated with the term "child." *See* former section 241(a)(1)(H) of the Act, 8 U.S.C. § 1251(a)(1)(H) (1994); *see also* Immigration Act of 1990, Pub. L. No. 101-649, §§ 602(a), (b), 104 Stat. 4978, 5079, 5081; section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (2006). The wording regarding qualifying relatives was preserved again when Congress revised the statute to change the deportation provisions to grounds of removal and accordingly renumbered former section 241(a)(1)(H) of the Act as section 237(a)(1)(H). *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Div. C of Pub. L. No. 104-208, § 305(a)(2), 110 Stat. 3009-546, 3009-598.

Congress has employed essentially identical language in regard to the qualifying relative requirement since the inception of the fraud waiver, and the meaning of that requirement of the statute has remained the same throughout its history. We therefore find it appropriate to consider the case law that has developed regarding the waiver in deciding the question before us.

In *INS v. Errico*, 385 U.S. 214, 224 (1966), the Supreme Court noted in regard to the earliest version of the waiver that "[t]he fundamental purpose of this legislation was to unite families." Citing that decision, we stated the following in *Matter of Da Lomba*, 16 I&N Dec. 616, 617-18 (BIA 1978): "The intent of Congress in enacting section 241(f) was a humantarian [sic]

desire to unite families and preserve family ties. The fundamental purpose for such legislation was to forestall deportation where it would break up a family composed in part of United States citizens or lawful permanent residents." *See also Matter of Matti*, 19 I&N Dec. 43, 46 (BIA 1984).

In *Chung Wook Myung v. District Director of the U.S. INS*, 468 F.2d 627, 628 (9th Cir. 1972), the United States Court of Appeals for the Ninth Circuit held that an alien was not eligible for a waiver under former section 241(f) of the Act because his wife and United States citizen child resided in Korea. The court concluded that granting him a waiver would contravene the purpose of the statute, which was to promote family unity with his United States citizen child.

Similarly, in *Kalezic v. INS*, 647 F.2d 920 (9th Cir. 1981), the Ninth Circuit sustained an Immigration Judge's decision denying relief where the alien's marriage was effectively over several months before the decision was rendered. The court noted that the marital relationship had ended in divorce before the alien's deportation and found that to grant him a waiver under these circumstances would defeat the purpose of the statute, which was to allow spouses to remain together in this country. *Id*. at 922-23 ("It is the 'family unit' that [section 241(f)] seeks to preserve. Presently no such unit exits."). We agree that the statutory language clearly supports the view that an existing relationship to a living relative is required for waiver eligibility in the case of a spouse. We find no basis in the statute to treat a parent, son, or daughter differently.

It is clear from the language of the statute and its interpretation by the courts and this Board that the purpose of the fraud waiver is to unite aliens with their living United States citizen or lawful permanent resident family members. Because his mother is deceased, the respondent does not have a qualifying relative with whom to remain in the United States. We therefore find that he cannot establish his eligibility for a waiver under section 237(a)(1)(H)(i)(I) of the Act, and that the Immigration Judge erred in granting the waiver.[1] Accordingly, we will sustain the DHS's appeal, vacate the Immigration Judge's decision, and order the respondent removed from the United States.

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:** The decision of the Immigration Judge is vacated.

**FURTHER ORDER:** The respondent is ordered removed from the United States to the Philippines.

---

[1] We note that in *Kalezic v. INS*, *supra*, the court found that the operative date was the date of the Immigration Judge's decision. In this case, the respondent's mother died before the Immigration Judge's decision. Thus, we have no occasion to opine on the correctness of this aspect of *Kalezic*.