**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROLANDO MANAPA FEDERISO,
                    *Petitioner,*

           v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 08-74792

Agency No.
A040-501-894

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 8, 2010—Pasadena, California

Filed May 19, 2010

Before: Daniel M. Friedman,* Dorothy W. Nelson, and
Stephen Reinhardt, Circuit Judges.

Opinion by Judge D.W. Nelson

*The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

---

## COUNSEL

Andrew J. Vasquez, Pasadena, California, for the petitioner.

Christina Bechak Parascandola, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for the respondent.

---

## OPINION

D.W. NELSON, Senior Circuit Judge:

We must decide whether an individual whose mother is a United States citizen continues to be "the son . . . of a citizen of the United States," as set forth at 8 U.S.C. § 1227(a)(1)(H)(i), after his mother's death. We hold that he does.

## I.  BACKGROUND

Petitioner Rolando Federiso is a Filipino national. His mother, who was also a Filipino national, moved to the United States and became a U.S. citizen. Federiso applied to the United States Embassy in Manila for a visa for entry to the United States with the intent to remain permanently. The State Department prioritizes visa applications made by "the unmarried sons or daughters of citizens of the United States." 8 U.S.C. § 1153(a)(1). During his visa application process,

Federiso indicated — falsely — that he was unmarried. He was issued a visa, immigrated, adjusted to lawful permanent resident status, and began his life in the United States.

Fifteen years later, the Government initiated removal proceedings against Federiso. The Government alleged, and Federiso conceded, that Federiso violated 8 U.S.C. § 1182(a)(6)(C)(i), which forbids procuring a visa by willfully misrepresenting a material fact. Federiso requested relief under 8 U.S.C. § 1227(a)(1)(H)(i), which gives an immigration judge ("IJ") the discretion to waive the removal of an immigrant who procured a visa through willful misrepresentation. 8 U.S.C. § 1227(a)(1)(H) (granting this discretion to the Attorney General); 8 C.F.R. § 1240.1(a)(1) (delegating Attorney General's discretionary authority to IJs). Only an alien who "is the spouse, parent, son, or daughter" of a U.S. citizen or lawful permanent resident is eligible to apply for a § 1227(a)(1)(H)(i) waiver.

The removal proceedings against Federiso dragged on for years. After the proceedings had been initiated, but before the hearing on Federiso's request for § 1227(a)(1)(H)(i) relief, Federiso's mother died. At the hearing, Federiso and the Government disagreed about whether Federiso was still eligible to apply for a § 1227(a)(1)(H)(i) waiver. The IJ held that he was, since Federiso "continues to be the son of a United States citizen" after the death of his U.S. citizen mother. The IJ then examined a long list of equities in Federiso's favor, which we do not recount here, and granted Federiso a waiver.

The BIA interpreted § 1227(a)(1)(H)(i) differently. Sustaining the Government's appeal, the BIA held that "to be eligible for a waiver of removal" under § 1227(a)(1)(H)(i), "an alien must establish a qualifying relationship to a *living* relative." *Matter of Federiso*, 24 I. & N. Dec. 661, 661 (BIA 2008) (emphasis added). Because Federiso's mother was no longer living, the BIA held that Federiso was no longer eligible to apply for a § 1227(a)(1)(H)(i) waiver. *Id.* at 664. The BIA

vacated the IJ's decision and ordered Federiso removed to the Philippines. *Id.*

Federiso timely filed the petition for review now before us, over which we have jurisdiction pursuant to 8 U.S.C. § 1252(a).

## II.  STANDARD OF REVIEW

Section 1227(a)(1)(H)(i) is part of the Immigration and Nationality Act ("INA"). We review BIA determinations of purely legal issues regarding the INA de novo. *Kankamalage v. I.N.S.*, 335 F.3d 858, 861 (9th Cir. 2003). When the BIA interprets a provision of the INA, we first determine if there is any ambiguity in the statute using traditional tools of statutory interpretation. *Id.* at 862. (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 n. 9 (1984)). Only if we determine that a statute is ambiguous do we defer to the agency's interpretation. *Id.* We may not accept an interpretation clearly contrary to the plain meaning of a statute's text. *Id.*

## III.  DISCUSSION

The text of § 1227(a)(1)(H)(i) strikes us as plain and unambiguous. The relevant text is as follows:

(H) Waiver authorized for certain misrepresentations

The provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in section 1182(a)(6)(C)(i) of this title, whether willful or innocent, *may, in the discretion of the Attorney General, be waived for any alien* (other than an alien described in paragraph (4)(D)) *who—*

(i)    (I) *is the spouse, parent, son, or daughter of a citizen of the United States* or of an alien lawfully admitted to the United States for permanent residence; and

(II) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such admission except for those grounds of inadmissibility specified under paragraphs (5)(A) and (7)(A) of section 1182(a) of this title which were a direct result of that fraud or misrepresentation.

8 U.S.C. § 1227(a)(1)(H) (emphasis added).

**[1]** The text of the statutory provision clearly states that the son of a citizen of the United States may be eligible for a waiver of removal. 8 U.S.C. § 1227(a)(1)(H)(i)(I).[1] Neither the Government nor the BIA disputes that Federiso is the son of a citizen of the United States. That alone is enough to resolve this case.

**[2]** The BIA interpreted the phrase "spouse, parent, son, or daughter of a citizen of the United States," 8 U.S.C. § 1227(a)(1)(H)(I) to mean spouse, parent, son, or daughter of a *living* citizen of the United States. 24 I. & N. Dec. 661 at 662-64. This is not what the statute says. It is not the role of those who enforce and interpret immigration law to impose unilaterally novel substantive requirements beyond those set forth in the immigration law itself. *See Kazarian v. U.S. Citi-*

---

[1]The term "son" is not specifically defined in the INA, *see* 8 U.S.C. § 1101 (section titled "Definitions"); *see generally* 8 U.S.C. §§ 1101-1537, but the term's definition was not contested by the parties and we presume the typical dictionary definition is uncontroversial. *See, e.g.*, BLACK'S LAW DICTIONARY 1400 (7th ed. 1999) ("son. 1. A person's male child. 2. An immediate male descendant.").

*zenship & Immigration Servs.*, 596 F.3d 1115, 1121 (9th Cir. 2010) (holding that neither USCIS nor its Administrative Appeals Office may unilaterally impose substantive requirements for visa eligibility beyond those set forth in the relevant governing regulations).

The BIA's opinion mentions two Ninth Circuit cases, *Myung v. INS*, 468 F.2d 627 (9th Cir. 1972), and *Kalezic v. INS*, 647 F.2d 920 (9th Cir. 1981), which merit brief discussion here. *In Myung,* we held that an alien was ineligible for a waiver of removal despite being the father of a U.S. citizen, because his U.S. citizen child was living in Korea. *Myung*, 468 F.2d. at 628; *see also United States v. Palmer*, 458 F.2d 663 (1972) (reaching the same conclusion with respect to an alien whose U.S. citizen child was living in Canada). In *Kalezic*, we held that an alien who was in the process of divorcing his U.S. citizen spouse was not eligible to receive a waiver despite being the (soon-to-be ex-) husband of a U.S. citizen. *Kalezic*, 647 F.2d at 922-23.

*Kalezic* provides little guidance here, because it deals with a marital relationship, not with the wholly distinct relationship between parent and child. A child never ceases to be his mother's son. He always *is* her son, even after her death. A husband, in contrast, ceases to be his wife's spouse upon divorce; following the divorce, he no longer *is* her spouse. *Myung,* which involved a parent-child relationship, is therefore the more relevant case. In that case, we relied on the fact that "[t]he fundamental purpose of this legislation [creating the fraud waiver] was to unite families . . . . [and to avoid] separat[ing] families composed in part of American citizens or lawful permanent residents," *I.N.S. v. Errico*, 385 U.S. 214, 224-25 (1966), and we concluded that granting Myung a waiver when his U.S. citizen relative was living outside of the U.S. would have contradicted that legislative purpose. *Myung*, 468 F.2d. at 628.

**[3]** In the decades since we issued *Myung* and *Kalezic*, both the statutory text we interpret and the role of the inter-

preter have changed. As to our role, when we decided *Myung* and *Kalezic*, we looked to the purpose of the statute, rather than to its language. *See Myung*, 468 F.2d at 628 (discussing the Congressional purpose underlying exemption for deportation without even mentioning the statutory text at issue); *see also Kalezic*, 647 F.2d at 922 (finding statutory purpose dispositive despite finding that the relevant statutory language cutting the other way "in many respects is unambiguous" and that "technically [petitioner] remained the spouse of a citizen of the United States"). Today, however, we are governed by *Chevron* and its progeny, and unless the "statute is silent or ambiguous with respect to the specific issue" before us, our work is done. *Chevron,* 467 U.S. at 843. As we have stated, the statutory language at issue here is plain: the son of a U.S. citizen may be eligible for a waiver.

As to text, both *Myung* and *Kalezic* dealt with an older version of the waiver of removal statute, in which the waiver was mandatory and any eligible alien automatically received relief. *See* 71 Stat. 639, 640 § 7 (1957) (providing that deportation "shall not apply" to an alien who is the spouse, parent, son or daughter of a U.S. citizen); *Myung*, 468 F.2d at 628 (citing the statutory text regarding the waiver, then codified at 8 U.S.C. § 1251(f), including the "shall not apply" mandate); *Kalezic*, 647 F.2d at 922 n.6 (quoting the "shall not apply" language of § 1251(f)). Under the revised statute before us today, the waiver is discretionary rather than mandatory, *see* 8 U.S.C. § 1227(a)(1)(H) (providing that deportation "may, in the discretion of the Attorney General, be waived"), and eligibility alone no longer guarantees relief. Whether an alien is eligible for a waiver remains a question of statutory interpretation fit for judicial review; whether issuing § 1227(a)(1)(H) relief to a particular alien is consistent with the statute's underlying purpose is a case-by-case policy determination that the statutory text commits not to the courts but to the discretion of the Attorney General and his designee the IJ. Neither the BIA nor we may further our preferred interpretation of Congress's intent by misreading or adding to the

statutory eligibility requirements that Congress has laid out quite clearly.

## IV.   CONCLUSION

**[4]** The BIA erred in holding that Federiso is ineligible to apply for a § 1227(a)(1)(H) waiver because his U.S. citizen mother is deceased; he is the son of a U.S. citizen and eligible to apply. We **GRANT** Federiso's petition and **REMAND** to the BIA for further proceedings consistent with this opinion.

**PETITION GRANTED; REMANDED.**