FILED

NOT FOR PUBLICATION

DEC 09 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN BASSEY OFFIIONG,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-74925

Agency No. A071-822-376

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 29, 2010
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

Stephen Bassey Offiiong, a citizen and native of Nigeria, petitions for
review of the Board of Immigration Appeals' ("BIA") decision denying his motion
to reconsider. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition
for review.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The BIA did not abuse its discretion when it denied Offiiong's motion to reconsider its order, which affirmed the decision of an immigration judge denying Offiiong's applications for cancellation of removal and adjustment of status. *See Oh v. Gonzales*, 406 F.3d 611, 612 (9th Cir. 2005) (describing standard).

For an applicant to prove he was "lawfully admitted for permanent residence," 8 U.S.C. § 1256, the applicant must show "compliance with substantive legal requirements, not mere procedural regularity." *Monet v. INS*, 791 F.2d 752, 753 (9th Cir. 1986). Offiiong claims this permanent-resident status based on erroneous issuance of documents. However, "mistaken admission confer[s] no status, permanent resident or otherwise." *Lai Haw Wong v. INS*, 474 F.2d 739, 742 (9th Cir. 1973); *accord Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1217 (9th Cir. 2010). Offiiong did not establish that he complied with the substantive requirements for adjustment of status because he never had the requisite immigrant visa. 8 U.S.C. § 1255(a). Thus, the BIA properly concluded that Offiiong had never been granted lawful permanent-resident status or conditional-permanent-resident status and did not abuse its discretion in denying Offiiong's motion to reconsider that decision.

Given our conclusion, we need not reach any other issue urged by the parties.

**PETITION DENIED.**