**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALI FARES, *Petitioner,* v. WILLIAM P. BARR, Attorney General, *Respondent.* | No. 13-71916 Agency No. A047-654-200 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2019
Honolulu, Hawaii

Filed November 25, 2019

Before: Susan P. Graber, Milan D. Smith, Jr.,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Graber

## SUMMARY[*]

### Immigration

Granting Ali Fares's petition for review of a decision of the Board of Immigration Appeals that concluded that he was ineligible for a waiver of removability under section 237(a)(1)(H) of the Immigration and Nationality Act ("INA"), the panel held that a noncitizen who seeks a § 237(a)(1)(H) waiver is "otherwise admissible" even though he failed to return to his country of origin for at least two years, as required by INA § 212(e), and remanded.

Petitioner entered the United States as a nonimmigrant J-1 exchange visitor and was subject to INA § 212(e), under which he was ineligible to apply for an immigrant visa, permanent residence, or two types of nonimmigrant visas until he had departed from the United States and then had resided and been physically present in his country of nationality or of last residence for at least two years. Petitioner failed to fulfill this requirement, but was later admitted as a lawful permanent resident in 2000. In his application for admission, Petitioner inaccurately checked "no" in response to a question asking if he was an alien who had not fulfilled the two-year residency requirement. The immigration authorities did not notice the falsity at that time, but when Petitioner later applied for naturalization, his application was denied on the ground that he had not been "lawfully admitted" as a permanent resident because he had not satisfied the residency requirement of § 212(e).

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

In removal proceedings, an immigration judge found Petitioner removable because, at the time of his application for admission, he did not possess valid entry documents. He sought a waiver of removability under INA § 237(a)(1)(H), which provides a waiver for certain fraud or misrepresentation and, among other things, required Petitioner to have been "otherwise admissible" when he entered in 2000. The IJ and BIA held that petitioner was not "otherwise admissible" at that time because he had neither satisfied the residency requirement of § 212(e) nor obtained a waiver of it.

The panel explained that this court has held that "otherwise admissible" means not excludable on some ground *other* than the entry fraud. Therefore, to qualify for a § 237(a)(1)(H) waiver, Petitioner had to have been "admissible" when he entered in 2000, notwithstanding his entry fraud. The panel also observed that the INA defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." Thus, the central issue was whether a noncitizen who is subject to § 212(e)'s residency requirement, but who fails to satisfy that requirement, may enter the United States lawfully.

Examining the language of the statute, the panel concluded that § 212(e) does *not* state that noncitizens subject to its residency requirement are not "admissible" to the United States; rather, it provides that they are not "eligible" for *particular forms* of admission. The panel explained that other forms of admission set out in 8 U.S.C. § 1101(a)(15) remain available. The panel also concluded that the wording that Congress used elsewhere in § 212 reinforces the panel's interpretation of the unambiguous text of § 212(e) and that

the panel's interpretation is also consistent with other provisions of the immigration laws.

The panel thus concluded that, notwithstanding his failure to satisfy or receive a waiver of the two-year residency requirement, Petitioner was admissible under several provisions of 8 U.S.C. § 1101(a)(15). Therefore, the panel held that, as a matter of law, Petitioner was "otherwise admissible" for the purposes of a § 237(a)(1)(H) waiver, and remanded to the agency for it to use its discretion to determine whether to grant Petitioner's waiver.

## COUNSEL

Daniel Diskin (argued), Garfield Law Group, Washington, D.C.; Gordon Yang, Waipahu, Hawaii, for Petitioner.

Sheri R. Glaser (argued), Trial Attorney; Jamie M. Dowd, Senior Litigation Counsel; Joyce R. Branda, Acting Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

GRABER, Circuit Judge:

Is a noncitizen who seeks a waiver of removability under 8 U.S.C. § 1227(a)(1)(H) "otherwise admissible," even though he failed to return to his country of origin for at least two years, as required by 8 U.S.C. § 1182(e)? We hold that the answer is "yes" and, accordingly, grant the petition and

remand to the agency for it to use its discretion to determine whether to grant Petitioner's requested waiver.

BACKGROUND

Petitioner Ali Fares is a native and citizen of Tunisia. He entered the United States in 1993 as a nonimmigrant J-1 exchange visitor, pursuant to 8 U.S.C. § 1101(a)(15)(J), to obtain a Ph.D. Because his graduate program received funding from the federal government, Petitioner was subject to § 212(e) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(e). Under § 212(e), Petitioner was ineligible to apply for an immigrant visa, permanent residence, or two types of nonimmigrant visas until he had departed from the United States and then "resided," and was "physically present," in his country of nationality or of last residence for at least two years. In December 1999, Petitioner left the United States to work in Australia, which was neither his country of nationality nor his last residence.

In December 2000, Petitioner returned to the United States and was admitted as a lawful permanent resident under a provision that applies to the spouses of certain immigrants. In his application for admission, Petitioner inaccurately checked "no" in response to a question that asked if he was an "alien who is a former exchange visitor who has not fulfilled the 2-year foreign residence requirement." The immigration authorities did not notice the falsity at that time.

Petitioner applied for naturalization in 2006. Three years later, the Department of Homeland Security denied his application on the ground that he was not "lawfully admitted to the United States as a permanent resident." Because Petitioner had not statisfied the residency requirement of

§ 212(e), the Department held that he did "not have a lawful entry into the United States as an immigrant."

The government initiated removal proceedings in 2010. During those proceedings, Petitioner conceded, and the immigration judge ("IJ") held, that Petitioner was removable because, at the time of his application for admission, he did not possess valid entry documents. 8 U.S.C. § 1182(a)(7)(A)(i)(I). Petitioner sought a waiver of § 212(e)'s *residency requirement*, which the IJ denied. Petitioner does not challenge that denial.

Petitioner also sought a waiver of *removability* under INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H),[1] which requires,

---

[1] The pertinent statutory text provides:

> (H) Waiver authorized for certain misrepresentations

> The provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in section 1182(a)(6)(C)(i) of this title, whether willful or innocent, may, in the discretion of the Attorney General, be waived for any alien (other than an alien described in paragraph (4)(D)) who—

> (i)(I) is the spouse, parent, son, or daughter of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and

> (II) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such admission except

among other things, that Petitioner have been "otherwise admissible" to the United States when he entered in December 2000. The IJ held that Petitioner was not "otherwise admissible" to the United States at that time because he had neither satisfied the residency requirement of § 212(e) nor obtained a waiver of it.

Petitioner appealed to the Board of Immigration Appeals ("BIA"), which dismissed the appeal. The BIA held, as a matter of law, that Petitioner was not eligible for a § 237(a)(1)(H) waiver because "he was not 'otherwise admissible' at the time of his admission" in 2000. Petitioner timely sought our review.

## DISCUSSION

We review de novo the BIA's holdings on questions of law. *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). "Whether an alien is eligible for a waiver [is] a question of statutory interpretation fit for judicial review." *Federiso v. Holder*, 605 F.3d 695, 699 (9th Cir. 2010). We begin with the statutory text, *Eleri v. Sessions*, 852 F.3d 879,

---

for those grounds of inadmissibility specified under paragraphs (5)(A) and (7)(A) of section 1182(a) of this title which were a direct result of that fraud or misrepresentation.

. . . .

A waiver of removal for fraud or misrepresentation granted under this subparagraph shall also operate to waive removal based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation.

8 U.S.C § 1227(a)(1)(H).

882 (9th Cir. 2017); if the text is clear, we do not defer to the BIA's interpretation, *Federiso*, 605 F.3d at 697.

We have interpreted § 237(a)(1)(H) before.  In *Corona-Mendez v. Holder*, 593 F.3d 1143, 1147 (9th Cir. 2010), we held that § 237(a)(1)(H) "requires that the court consider whether the petitioner is *inadmissible* on more than one ground at the time of the fraud the petitioner seeks waived." *Id.* (emphasis added).  "'Otherwise admissible' means not excludable on some ground *other* than the entry fraud." *Vasquez v. Holder*, 602 F.3d 1003, 1011 (9th Cir. 2010) (emphasis added) (brackets omitted); *see also Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1220 (9th Cir. 2010) (stating, in the similar context of INA § 212(k) waivers, that a "common-sense reading" of "the word 'otherwise'" means "that the individual must be *admissible* 'other' than because of [an] invalid visa" (emphasis added) (citing *Corona-Mendez*, 593 F.3d at 1146–47)).  Therefore, to qualify for a § 237(a)(1)(H) waiver, Petitioner must have been "admissible" in December 2000 notwithstanding his entry fraud.

The INA defines "admission" and "admitted" as, "with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  8 U.S.C. § 1101(a)(13)(A). Admissibility therefore denotes a noncitizen's general ability to enter the United States lawfully.

With that background in mind, the central issue is whether a noncitizen who is subject to § 212(e)'s residency requirement, but who fails to satisfy that requirement, may enter the United States lawfully.  Section 212(e) states, in relevant part:

> *No person admitted under section 1101(a)(15)(J) of this title* . . . whose participation in the program for which he came to the United States was financed . . . by an agency of the Government of the United States . . . *shall be eligible to apply for an immigrant visa, or for permanent residence, or for a nonimmigrant visa under section 1101(a)(15)(H) or section 1101(a)(15)(L) of this title* until it is established that such person has resided and been physically present in the country of his nationality or his last residence for an aggregate of at least two years following departure from the United States[.]

(Emphasis added.)

Section 212(e) does *not* state that noncitizens subject to its residency requirement are not "admissible" to the United States. Rather, it provides that they are not "eligible" for *particular forms* of admission. Other forms of admission, not specifically barred by the statute, remain available. For example, § 212(e) does not prohibit admission as a tourist or business visitor under 8 U.S.C. § 1101(a)(15)(B). *See also id.* § 1101(a)(15)(A) (admissible as ambassador), (C) (admissible due to transit through the United States), (D) (admissible as crewman), (E) (admissible under treaty of commerce), (M) (admissible as student), (N) (admissible as parent of special immigrant), (O)(i) (admissible due to "extraordinary ability in the sciences", (Q) (admissible due to cultural exchange program).

The wording that Congress used elsewhere in § 212 reinforces our conclusion. For example, § 212(a) lists several

categories of noncitizens who are "ineligible to receive visas *and* ineligible to be admitted to the United States." (Emphasis added.)  That wording suggests that ineligibility for some benefits (visas) does not mean blanket ineligibility for admission.  Moreover, Congress used the term "inadmissible" more than 50 times in § 212, but not once in § 212(e).  *See, e.g.*, 8 U.S.C. § 1182(a)(2)(A)(i) ("any alien convicted of . . . a crime involving moral turpitude . . . is inadmissible").  When interpreting statutes, we must "presume [that] differences in language like this convey differences in meaning."  *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1723 (2017).

Our interpretation also is consistent with other provisions of the immigration laws.  For example, Congress made certain noncitizens ineligible for cancellation of removal in 8 U.S.C. § 1229b(c), but separated those who fail to satisfy § 212(e)'s residency requirement from those who are "inadmissible."  *Compare* 8 U.S.C. § 1229b(c)(4) (barring "[a]n alien who is inadmissible under section 1182(a)(3)"), *with* 8 U.S.C. § 1229b(c)(3) (barring "[a]n alien" admitted under § 1101(a)(15)(J) who is "subject to" § 212(e)'s residency requirement and has neither "fulfilled that requirement [n]or received a waiver thereof").

The text of § 212(e) is unambiguous. Notwithstanding his failure to satisfy or receive a waiver of the two-year residency requirement, Petitioner was admissible under several provisions of 8 U.S.C. § 1101(a)(15).  The BIA's contrary interpretation contravenes the statute's text and is, therefore, an interpretation that we "may not accept."  *Federiso*, 605 F.3d at 697.  As a matter of law, Petitioner was "otherwise admissible" for purposes of a § 237(a)(1)(H) waiver notwithstanding § 212(e).  We therefore remand to the

agency for it to use its discretion to determine whether to grant Petitioner's requested waiver.[2]

**PETITION GRANTED; REMANDED.**

---

[2] We express no view as to how the agency should exercise its discretion on remand, nor do we express a view on the effect of a § 237(a)(1)(H) waiver, if granted.