**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BLANCA E. OCHOA, | No. 16-72453 |
| Petitioner, | Agency No. A092-922-059 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2020**
Pasadena, California

Before: MURGUIA and LEE, Circuit Judges, and KORMAN,*** District Judge.

Blanca Ochoa petitions this Court to review the Board of Immigration Appeals's ("BIA") order. The BIA's order dismissed Ochoa's appeal of an immigration judge's decision denying her application for two statutory waivers

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

under (1) former INA § 212(c) and (2) INA § 237(a)(1)(H). This Court has jurisdiction under 8 U.S.C. § 1252. We review questions of law—such as statutory eligibility for waivers—de novo. *Fares v. Barr*, 942 F.3d 1172, 1174 (9th Cir. 2019). We deny the petition.

1.      Ochoa is statutorily ineligible for INA § 212(c)'s waiver because she was never lawfully admitted for permanent residence in 1990. *See* 8 U.S.C. § 1182(c) (requiring a person to be "lawfully admitted for permanent residence" before receiving INA § 212(c)'s waiver) (repealed in 1996).[1] Although Ochoa adjusted to lawful permanent resident status in 1990 after illegally entering the United States and residing in the United States for approximately 15 years, Ochoa was ineligible for permanent residence in 1990 because she received three misdemeanor convictions between 1980 and 1983, which she failed to disclose. *See* 8 U.S.C. § 1255a(b)(1)(C)(ii) (barring petitioners convicted of three or more misdemeanors from adjusting to lawful permanent resident status). Ochoa was also ineligible for permanent residence because two of her previously undisclosed misdemeanor convictions involved crimes of moral turpitude. *See* 8 U.S.C.

---

[1] Congress repealed INA § 212(c) in 1996. *See INS v. St. Cyr.*, 533 U.S. 289, 297 (2001). Yet, despite Congress's repeal, a lawful permanent resident may request a § 212(c) waiver in contemporary deportation proceedings under certain circumstances. *See Xiao Fei Zheng v. Holder*, 644 F.3d 829, 833 (9th Cir. 2011). The parties here do not dispute that INA § 212(c) is alive in Ochoa's case.

2

§ 1182(a)(2)(A)(i)(I) (stating that a petitioner convicted of a "crime involving moral turpitude" is inadmissible).

2.      Ochoa argues that she can invoke INA § 237(a)(1)(H)'s fraud waiver to nullify her inadmissibility grounds and, in turn, still receive relief under INA § 212(c). However, Ochoa is statutorily ineligible for INA § 237(a)(1)(H)'s fraud waiver because she was not "otherwise admissible"—apart from entry fraud—when she received permanent resident status in 1990. *See, e.g.*, *Corona-Mendez v. Holder*, 593 F.3d 1143, 1146–47 (9th Cir. 2010); *see also* 8 U.S.C. § 1227(a)(1)(H). Ochoa was inadmissible on multiple grounds in 1990, including (1) her three misdemeanor convictions and (2) her two crimes involving moral turpitude. *See* 8 U.S.C. § 1255a(b)(1)(C)(ii); 8 U.S.C. § 1182(a)(2)(A)(i)(I). Accordingly, Ochoa cannot use INA § 237(a)(1)(H)'s fraud waiver to nullify her inadmissibility grounds.

**PETITION DENIED**